[3,210.]

# THOMAS F. POTTER *v.* EUGENE FROMENT, EUGENE VEUVE AND RICHARD S. SWAIN.

PROOF OF SPECIAL DAMAGES.—In an action for damages, caused by the pollution of the water of a stream which runs over the plaintiff's land, special damages cannot be proved unless they are alleged in the complaint.

IDEM.—In such case, proof of the diminution of the rental value of the farm caused by the pollution of the water, is inadmissible, if the complaint fails to allege that the plaintiff rented the farm, or was prevented from renting it, by reason of the injury to the water.

APPEAL from the District Court, Twelfth Judicial District, County of San Mateo.

The complaint alleged that since January 1st, 1866, the plaintiff had owned a farm in San Mateo County, over which flowed the water of Tunitas Creek, a natural water course and that the water was indispensable to the plaintiff. and he used it for watering stock and for all purposes necessary or

convenient for the occupation or cultivation of the farm, and had no other water which he could use for such purposes. That since July, 1869, defendants had been in possession of a sawmill, built on the creek above plaintiff's farm, and had been sawing redwood lumber, and had been in the habit of casting all the sawdust from the mill into the water of the creek, whereby the water had been deteriorated, discolored and rendered impure and unfit for use, to the nuisance of plaintiff's freehold, and to his damage five hundred dollars. On the trial the plaintiff, after having testified that he was obliged to boil and skim the water he used for household purposes, was allowed against defendant's objection, to testify to how much expense it put him to per month, to bring the water from the creek, and boil and skim it.

The plaintiff was also allowed to testify against defendant's objection, that the rental value of his farm was diminished fifty dollars per month, by the injury to the water. The plaintiff recovered judgment for damages and costs, and the defendants were enjoined from throwing sawdust into the creek. The defendants appealed.

*D. M. Delmas,* for Appellant, cited 1 Chitty on Pl. 396; Sedg. on Dam., 575; 2 Greenl., Sec. 251; *Dubovich* v. *Emeric,* 12 Cal. 171; *Smith* v. *Lansing,* 8 Cow. 153.

*Horace Templeton,* for Respondent.

By the COURT:

The complaint does not allege any special damage sustained by the plaintiff, and it was, therefore, error to admit evidence of the cost of boiling and skimming water for household purposes. So, the complaint failing to allege that the plaintiff rented the farm, or was prevented from renting it by reason of the discoloration of the water in the stream, proof of diminution of rental value was inadmissible.

The cause is remanded with directions to strike out so much of the judgment as awards damages, appellant to recover costs of appeal.