## SWIFT v. BROYLES.

1. Proof of a tortious invasion of one's property rights can not, unless supplemented by evidence disclosing the extent of the loss thereby inflicted upon the injured party, afford a basis for the recovery by him of more than nominal damages.
2. The owner of a dwelling-house which he himself occupies as a home is entitled to just compensation for the annoyance and discomfort occasioned by the maintenance by another of a nuisance on adjacent premises; and in fixing the amount of damages to be awarded in such a case, proof of depreciation in rental value of the dwelling-house, caused by such nuisance, may be looked to as furnishing a proper evidentiary guide for determining the extent of the annoyance and discomfort actually suffered.

Submitted May 1, — Decided July 18, 1902.

Action for damages. Before Judge Calhoun. City court of Atlanta. January 16, 1902.

*Hoke Smith & H. C. Peeples,* for plaintiff in error.
*Arnold & Arnold* and *Nash R. Broyles,* contra.

LUMPKIN, P. J.   The plaintiff below, Robert A. Broyles, brought against Gustavus F. Swift a suit for damages, and recovered therein a verdict for one thousand dollars.   The case made by the plaintiff's petition was, in brief, as follows: " Petitioner is, and for three years past has been, the owner of . . a tract of land consisting of about six (6) acres and lying in the county of Fulton and on the west side of what is known as the Marietta road. . .   Plaintiff's property has upon it a large dwelling-house, a large barn and carriage-house, a servant's house, is covered with grass and vegetation; has a large garden upon it, and has upon it oak, peach, apple, plum, and pine trees in abundance. . .   About the month of January in the year 1899, the defendant began the operation of certain chemical works" in the immediate neighborhood of "plaintiff's property, and began the manufacture of fertilizer and the use of strong acids in the manufacture of the same. . .   The various acids and noxious gases and odors which have been emitted by the defendant from [these] works in the operation of said plant have had the effect to ruin and totally destroy the property of plaintiff; have ruined and destroyed it as a home and residence for plaintiff and family; have killed and destroyed all of the vegetation on it," as well as " all of the trees aforesaid; and the constant presence of the said noxious gases upon the premises have totally destroyed the same for residence purposes."   The noxious gases and other "harmful and injurious substances sent out into the air by defendant in the operation of " said plant continuously pervade the premises of the plaintiff, " prevent the comfortable and safe occupancy of the house upon said premises, kill all the vegetation thereon, and are a nuisance dangerous to property and health."   Plaintiff has, as a result of such nuisance, been damaged in the sum of two thousand dollars, in that the rental value of his property has been depreciated to the extent of twenty-five dollars per month; trees of the value of five hundred dollars have been killed; the injury done to other trees amounts to a like sum; and the vegetables planted in his garden have been destroyed, entailing upon him an annual loss of three hundred dollars.   An answer was filed by the defendant, in which he denied the allegations of fact upon which the plaintiff relied for a recovery. . After a hearing of the case on its merits, with the result already stated, Swift made a motion for a new trial, which was overruled, and he. excepted.   The case, as here pre-

sented, is controlled by the questions dealt with in the discussion which follows.

1. If, in point of fact, the defendant was guilty of the wrongs complained of, the plaintiff, as owner of the premises described in his petition, was entitled to recover damages for all permanent injuries done to his freehold estate; and as he occupied the premises himself, he also had a right to demand just compensation for such injuries as temporarily deprived him of the unrestricted use and full enjoyment of the same. *Danielly* v. *Cheeves*, 94 *Ga.* 264; *Holmes* v. *Atlanta*, 113 *Ga.* 961; Nashville v. Comar, 88 Tenn. 415; Carli v. Union Depot Co., 32 Minn. 101; City of Chicago v. Huenerbein, 85 Ill. 594; Emery v. Lowell, 109 Mass. 197. There was testimony in his behalf which tended to show that a number of pine trees growing on his place were killed, and all of his fruit and shade trees seriously affected, by noxious gases which escaped into the air from the defendant's works. Evidence as to the value of these pine trees was submitted; but no proof was offered from which any fair and reasonable estimate could be made of the amount of damages sustained by reason of the injuries done to such of the trees as had not been killed. Total annihilation of all plant life in the plaintiff's garden was also shown. The extent of the loss thereby incurred by him was, however, left as much in the air as the destroying agencies which he claims played havoc with his vegetables could possibly have been. It necessarily follows that the trial judge should, as he was in writing requested to do by defendant's counsel, have instructed the jury that they were not, save only as to the trees actually destroyed, authorized to find for the plaintiff more than nominal damages for any of the above-mentioned injuries suffered by him.

2. Undoubtedly, it was his right to receive additional compensation for any annoyance or discomfort occasioned by the air in and about his dwelling-house being permeated with noisome gases and offensive odors discharged from the defendant's fertilizer plant. Baltimore & Potomac R. R. Co. v. Fifth Baptist Church, 108 U. S. 317; Illinois Central R. Co. v. Grabill, 50 Ill. 241; Graessle v. Carpenter, 70 Iowa, 166; Wesson v. Washburn Iron Co., 13 Allen, 95; Emery v. Lowell, 109 Mass. 197; Pierce v. Wagner, 29 Minn. 355; 1 Wood on Nuisances (3d ed.), § 511; 2 Id. §§ 561–563. Where there is such a wrongful interference with "the comfortable

enjoyment of property by a person in possession, no precise rule for ascertaining the damage can be given, as, in the very nature of things, the subject-matter affected is not susceptible of exact measurement; therefore the jury are left to say what, in their judgment, the plaintiff ought to have in money, and what the defendant ought to pay, in view of the discomfort or annoyance to which the plaintiff and his family have been subjected by the nuisance." (See § 866 of the volume last cited.) It is not, of course, the policy of the law that the jury shall be permitted to act arbitrarily in the matter. On the contrary, they are expected to observe the cardinal rule that only actual damages can lawfully be recovered by the injured party. To the end that they may be enabled to arrive at a just and reasonable conclusion as to the amount of compensation to be awarded him, the courts have with marked unanimity held that the jury may consider proof of, and adopt as the measure of his damages, the depreciation in rental value of his property caused by the discomforts to which its use has been subjected. City of South Bend v. Paxon, 67 Ind. 228; Francis v. Schoellkopf, 53 N. Y. 152; Wiel v. Stewart, 19 Hun, 272; Beir v. Cooke, 37 Hun, 38; Michel v. Supervisors, 39 Hun, 47; Pinney v. Berry, 61 Mo. 360; Loughran v. Des Moines, 72 Iowa, 382; Shively v. Railway Co., 74 Iowa, 169. One who himself occupies premises of which he is the owner can not, it is true, logically be said to have suffered any actual loss of rent by reason of a tortious interference with the enjoyment of his home. The decisions just cited are not, however, based upon any such erroneous theory, but rest upon the perfectly rational doctrine that the owner of property of a given rental value is entitled, if he elects to be at once his own landlord and tenant, to get an amount of enjoyment out of it equal to the sum he would be obliged to pay as rent for premises of a like rental value belonging to another. (See, in this connection, the remarks of Smith, P. J., in Michel's case, supra.) We have been able to find but one case, that of Potter v. Froment, 47 Cal. 165, in which this doctrine has been repudiated.

It is further to be observed that the recovery by the injured party is not to be limited to the depreciation in rental value of his premises, if he shows that he has been put to expense on account of sickness in his family, caused by the nuisance complained of. Loughran v. Des Moines, 72 Iowa, 382; Brown v. Railroad Co., 80

Mo. 457; Jarvis *v.* Railway Co., 26 Mo. App. 253. While, as was held in the case of Kemper *v.* Louisville, 14 Bush, 87, "no recovery can be had for physicians' bills paid, or loss of time on the part of the occupants on account of sickness" thus produced, "still these facts may be proved with a view of showing the extent to which" the plaintiff has been damaged by being wrongfully deprived of the natural comforts of his home. That is to say, proof of such facts, or of depreciation in rental value, can merely serve as an evidentiary guide in determining what amount of money will compensate him for the grievous wrong which the law seeks to redress, viz.: the tortious invasion upon his legal right of unmolested enjoyment of his property — an injury which may, or may not, be attended with the incidents just mentioned. As was clearly pointed out in the opinion delivered by Beck, J., in Randolf *v.* Bloomfield, 77 Iowa, 52: "While rental value may be the subject of inquiry in some cases in order to determine the damages, it is plain that when the enjoyment of a homestead [is] destroyed or diminished, the true rule for the measure of damages requires the owner to be compensated therefor." The rental value of his premises may not be appreciably affected, or their value for rent may be actually enhanced by a demand for houses by the employees of the proprietors of the manufacturing enterprise which produces the nuisance; yet this can constitute no valid reply to the incontestable fact that his enjoyment of the comforts of his home has been wrongfully interfered with to his legal injury. Francis *v.* Schoellkopf, 53 N. Y. 152. That the wrong-doer should not be permitted to "take credit for such increase by way of indirect set-off against the direct loss or injury which he has occasioned," was recognized by this court in *Davis* v. *Railway Co.*, 87 *Ga.* 612.

It seems that in the case now before us the trial judge confounded with the root of the evil calling for redress a mere derivative result indicating the extent of the plaintiff's loss. After instructing the jury to the effect that he was entitled to recover such damages as he may have sustained by reason of any depreciation in the rental value of his premises, caused by the alleged nuisance, his honor added: "Another item of damage is the destruction of the home and its comfortable enjoyments. Plaintiff says that by reason of the fumes and gases, the comforts of his home have been entirely destroyed; that he and his family have suffered physical

discomforts and pain.   If you believe these allegations are true,. under the law you could give such damage as would fairly and reasonably compensate him." Exception is taken to these instructions, on the ground that the court thereby "permitted the jury to find both for the diminution of rental value of the premises during a time when they were occupied by plaintiff himself, and for the destruction of the home and its comfortable enjoyments, and for the physical discomforts and pain of plaintiff and his family during the same period; thus in effect visiting double damages on defendant, or at least greater damages than the law would authorize."   This criticism on the charge of the court is, we think, not only just, but temperate.   Indeed, the amount of the verdict returned against the defendant, which in his motion for a new trial he characterizes as excessive, may, in view of the instructions given to the jury upon this branch of the case, be readily accounted for.

*Judgment reversed.   All the Justices concurring, except Lewis,. J., absent.*