37562. CITY OF ACWORTH *v.* McLAIN *et al.*

Decided April 8, 1959.

*Edwards, Bentley, Awtrey & Bartlett,* for plaintiff in error.
*Ben F. Smith,* contra.

FELTON, Chief Judge. The defendant city insists that its general demurrers should have been sustained since the petition shows on its face that the suit is barred by the statute of limitations. This issue is properly raised by the general demurrer which expressly sets out a reliance on the statute. *Smith* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 59 (90 S. E. 474). The petition, however, does not seek damages resulting from the creation of a nuisance treated as permanent, as in *City of LaFayette* v. *Hegwood,* 52 *Ga. App.* 168 (182 S. E. 860), cited by defendant, but rather seeks damages for an abatable continuing nuisance. In a suit for the maintenance of such a nuisance, all legitimate damages are recoverable which accrue within the period of limitation prescribed by statute before the institution of the suit. *Gabbett* v. *City of Atlanta,* 137 *Ga.* 180, 183 (73 S. E. 372).

The amendment to the petition alleges that $6,000 of the $14,425.00 total damages prayed for "occurred within the last four years from the date of the filing of the original petition." A suit for damages alleged to have accrued within the statute of limitations will not be dismissed as a whole, although it may seek to recover for some damages as to which suit is barred. *Atlantic Coast Line R. Co.* v. *Knapp,* 139 *Ga.* 422 (3) (77 S. E. 568); *Gabbett* v. *City of Atlanta,* supra. A general demurrer does not reach the failure to allege the proper measure of damages. *Daniell* v. *McGuire,* 87 *Ga. App.* 491 (74 S. E. 2d 378).

The defendant also contends that the written notice allegedly given to it under the provisions of Code (Ann.) § 69-308 is ineffective since "plaintiffs failed to give defendant any notice whatsoever in compliance with said section, until after the action

was barred by the statute of limitations." In view of the above rulings, this contention is without merit. The petition affirmatively alleges compliance with the statute, and the attached notice describes the time, place, and extent of the alleged injury with reasonable certainty. A substantial compliance with the Code section is all that is required. *Langley* v. *City Council of Augusta*, 118 *Ga.* 590, 601 (45 S. E. 486, 98 Am. St. Rep. 133). The petition is not subject to general demurrer in this regard.

In the absence of any exception to the failure of the court to pass upon the several special demurrers, the grounds thereof will not be considered. *Shingler* v. *Shingler*, 184 *Ga.* 671 (1) (192 S. E. 824).

The court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*