## 41071.   MAYOR & COUNCIL OF WAYNESBORO
## v. HARGROVE.

JORDAN, Judge.   This was a suit to recover damages for certain injuries sustained by the plaintiff as the result of the ponding of water on her property, extending from Liberty Street, to Shadrock Street in Waynesboro, Georgia, which was allegedly caused by the negligence of the defendant municipality in the construction and maintenance of its water drains. The jury returned a verdict for the plaintiff and the defendant filed a motion for new trial which was denied.   The exception is to that judgment and to the antecedent order of court overruling the defendant's demurrers to the petition. *Held:*

■ The sole issue argued by the defendant with respect to the overruling of its demurrers and the denial of the special ground of the amended motion for new trial involves the sufficiency of the ante litem notice given to the defendant by the plaintiff pursuant to the provisions of *Code Ann.* § 69-308. This notice, a copy of which was attached to the amended petition as an exhibit, was in substantial compliance with the provisions of *Code Ann.* § 69-308.   This is all that is required, *Langley v. City Council of Augusta,* 118 Ga. 590, 601 (45 SE 486, 98 ASR 133), *City of Acworth v. McLain,* 99 Ga. App. 407 (108 SE2d 821), and it was sufficient to put the city on notice of the alleged continuous nuisance upon which the plaintiff's claim was predicated so as to allow it to investigate the claim and to take steps to abate the nuisance.   *Aldred v. City of Summerville,* 215 Ga. 651, 656 (113 SE2d 108); *City of Gainesville v. Moss,* 108 Ga. App. 713, 715 (134 SE2d 547).   Contrary to the contentions of the defendant, it was not necessary that the notice specify any amount of money claimed as damages, *Maryon v. City of Atlanta,* 149 Ga. 35 (99 SE 116), and the measure of damages was a matter to be fixed by the petition and not by the notice given.   *City of Gainesville v. Moss,* supra, p. 717.

■ The amount of damages to be awarded the plaintiff in this case in which recovery was sought only for the "discomfort, loss of peace of mind, unhappiness and annoyance" of the plaintiff caused by the maintenance of the nuisance was for the enlightened conscience of the jury, *Towaliga Falls Power Co. v. Foster,* 19 Ga. App. 347 (91 SE 442), and the conten-

tion of the defendant that the evidence was insufficient to authorize the verdict in that "these matters were not spelled out in damages" is without merit as "no precise rule for ascertaining the damage can be given, as, in the very nature of things, the subject-matter affected is not susceptible of exact measurement; therefore the jury are left to say what, in their judgment, the plaintiff ought to have in money, and what the defendant ought to pay, in view of the discomfort or annoyance to which the plaintiff and his family have been subjected by the nuisance." *Swift v. Broyles*, 115 Ga. 885, 888 (42 SE 277, 58 LRA 390).

The trial court did not err in overruling the defendant's demurrers to the petition and in denying the amended motion for new trial.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

DECIDED JANUARY 20, 1965.

*H. Cliff Hatcher*, for plaintiff in error.

*Lewis & Lewis, Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher, A. Montague Miller*, contra.