A07A0371. CEASAR et al. v. THE SHELTON LAND COMPANY, INC.

(646 SE2d 689)

ADAMS, Judge.

Johnny Ceasar, Lee Birdie Holton Pritchard, Henry E. Holton and Jean Ceasar Gordon (plaintiffs) filed an action for trespass, continuing trespass, intentional infliction of emotional distress and

declaratory judgment against The Shelton Land Company, Inc. (SLC)[1] alleging that defendant desecrated and destroyed the plaintiffs' family cemetery. The trial court granted summary judgment to SLC and plaintiffs appeal.

The property at issue here was acquired by the Shelton family from members of plaintiffs' family in the 1960s. Plaintiff Johnny Ceasar testified in his deposition that there was a family cemetery between two fields on part of the land and that his great Aunt Delphia Holton had a stillborn daughter buried there and his grandfather's sister Lessie Holton had two children buried there. He did not know the names of the children buried there, but did know the mother's names, as stated above. He testified the area was over an acre in size, was surrounded by a fence and the graves had wooden markers. He further testified that nobody had been buried there in many years and that the family did not tend the area because they preferred to leave it in its natural state since the flowers, grapevines, and large oak trees that grew there made it "quite lovely" as it was.

Ceasar further testified in his deposition that SLC burned the property in 1995, and that after it was burned the headstones and everything but the big trees were gone. However, in a subsequent affidavit Ceasar averred that the fence and impressions in the ground where the graves were located remained after the fire. He also testified that he put up a sign to try and slow the destruction of the cemetery and went to the authorities to complain about SLC's actions when it burned the land in 1995, but "nothing ever happened." In 1999, SLC bulldozed the land and made the whole area into a clean field, removing all remaining evidence of the graveyard.

Plaintiffs filed the present action for trespass, continuing trespass, intentional infliction of emotional distress and declaratory judgment in December 2002. In August 2006, the trial court granted summary judgment to SLC based on the following grounds: (1) standing; (2) abandonment; (3) running of the applicable statute of limitation; (4) lack of proof of identity of the persons allegedly buried in the cemetery and lack of proof that plaintiffs are the proper parties (i.e., heirs at law of those allegedly buried there); (5) no basis for claim for emotional distress; (6) declaratory judgment not proper here since the parties' rights, if any, have already been established; and (7) failure to prove sufficient legal description for the boundaries of the cemetery. Plaintiffs appeal.[2]

---

[1] Richard W. Shelton, individually and as Secretary/Treasurer of SLC, was also named as a defendant. This Court previously affirmed the grant of summary judgment to Richard Shelton in *Ceasar v. Shelton*, 266 Ga. App. 271 (596 SE2d 755) (2004).

[2] The plaintiffs do not challenge the grant of summary judgment on their claim for intentional infliction of emotional distress.

1. Plaintiffs argue that, contrary to SLC's argument and the trial court's finding, it appears that at least one or more of the plaintiffs were heirs at law of both the original owner of the graveyard and of the children buried there and had standing to bring this action. *Jacobus v. Congregation of the Children of Israel*, 107 Ga. 518, 520-522 (1), (3) (33 SE 853) (1899). Moreover, contrary to SLC's argument, we do not believe that plaintiffs' inability to name the children buried there is fatal to their claim since the record contains evidence of their identity irrespective of their names. As had been previously observed by this Court:

> To hold that only those invested with the legal title or easement for burial purposes in the soil where the remains of their deceased loved ones are reverently laid at rest, can maintain an action for the desecration of their graves, would deprive thousands of our rural people whose deceased relatives are buried in cemeteries such as are herein outlined of the right to protect the graves of those whose memory they hold so dear.

*Turner v. Joiner*, 77 Ga. App. 603, 611 (1) (48 SE2d 907) (1948). The trial court thus erred in granting summary judgment on this basis.

2. We also find that the trial court erred in finding that plaintiffs had abandoned the cemetery. Although the family did not "tend" the cemetery in the formal sense, plaintiff Johnny Ceasar's testimony shows that the area was surrounded by a fence and contained markers, plants, vines and was, in his eyes "lovely" in its natural state. Moreover, the record establishes that the plaintiffs did take affirmative action in regard to the cemetery by attempting, unsuccessfully, to obtain legal representation to protect their rights in the cemetery in the 1960s, contacting the authorities on several occasions in an attempt to get someone to investigate what was being done there, contacting the County Commissioners sometime in the 1990s to ask them to take over the cemetery, and putting up a sign at the cemetery after SLC burned the area in 1995. In light of these actions, we find that a jury issue remains on whether plaintiffs abandoned the cemetery. See *Mayes v. Simons*, 189 Ga. 845, 846-847 (1) (8 SE2d 73) (1940); see also *Walker v. Ga. Power Co.*, 177 Ga. App. 493, 495-496 (339 SE2d 728) (1986), citing *Heiligman v. Chambers*, 338 P2d 144 (Okla. 1959).

3. The issue of the running of the four-year statute of limitation for trespass actions, OCGA § 9-3-30, is a somewhat closer question. The record shows the markers and vases, as well as the plants and vines, were destroyed in 1995 when SLC burned the land. However, our view of the record is that all evidence of the cemetery was not

destroyed until the land was bulldozed for cultivation in 1999, after which time there was no evidence remaining of where the graves had been.[3] The plaintiffs filed their complaint in December 2002, within four years of the bulldozing of the field. We find the trial court thus also erred in granting summary judgment on this basis.

4. We also find that the trial court erred by granting summary judgment on the basis that plaintiffs failed to provide a sufficient legal description of the property. In most actions of this kind involving rural family cemeteries, it would be unusual for there to exist a formal metes and bounds description at the land on which the cemetery stood. But it does appear that the location of the cemetery was generally known and that there is some evidence remaining of its location in the form of an aerial map or by reference to other nearby structures even though the fence and trees that formerly established its boundaries were destroyed by SLC. Likewise, we find that to the extent it is necessary to establish the boundaries of the cemetery and the extent of plaintiffs' easement as between the parties, a declaratory judgment action would lie for such a purpose. See generally *Mobley v. Jackson Chapel Church*, 281 Ga. 122 (636 SE2d 535) (2006); *McDilda v. Norman W. Fries, Inc.*, 278 Ga. App. 51 (628 SE2d 195) (2006). The trial court thus erred in granting summary judgment on the sixth and seventh stated grounds.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 17, 2007.

*William J. Edgar*, for appellants.

*Sherwood & Sherwood, J. Carol Sherwood, Jr., William A. Turner, Jr.*, for appellee.

---

[3] We do not find Ceasar's affidavit contradicted the statements made in his deposition concerning what was destroyed in the fire. In his deposition, Ceasar testified that the cemetery was "done in pretty bad" except for the larger trees. He did not specifically mention whether the fence remained or whether you could tell where the graves were located. In his affidavit, he averred that the grave indentations and the fence remained after the fire.