A07A1479, A07A1480. STANFIELD et al. v. WASTE MANAGEMENT OF GEORGIA, INC.; and vice versa.
(652 SE2d 815)

ADAMS, Judge.

In October 2002, Marc and Jennie Stanfield brought an action seeking damages in excess of $750,000 and injunctive relief against Waste Management of Georgia, Inc. for the nuisance and trespass, including odor, noise, rodents, and insects, caused by a Waste Management transfer station located near the Stanfields' house. The jury returned a verdict in favor of Waste Management, and the trial court denied injunctive relief. On appeal in Case No. A07A1479, the Stan-

---

fields argue that the trial court erred when it granted a directed verdict and failed to charge on the trespass claim and when it admitted written reports from a county police officer. In Case No. A07A1480, Waste Management asserts that the trial court erred when it failed to conform the judgment to the jury's verdict. We affirm in both cases.

> Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict.

(Citation omitted.) *Booker v. Older Americans Council of Middle Ga.*, 278 Ga. App. 407 (629 SE2d 69) (2006).

So viewed, the record shows that at the time the Stanfields purchased their 1,000-square-foot home in 1987, the land behind the property, including an active railroad track, was zoned for general industrial use. The transfer station, built in 1995, processes municipal solid waste, corrugated cardboard, and construction and demolition waste. Although Jennie Stanfield complained of breathing problems resulting from the station, evidence showed that inhalation of the odor control products used by Waste Management is not hazardous, and that Jennie was a smoker with a history of emphysema in her family. Evidence also showed that the Stanfields' rodent and insect problems could have been caused by a county drainage ditch bordering their property on two sides, by their storage of plants and chicken manure in the large greenhouse on their property, and/or by their refusal to use any pest control besides the baiting of traps with food, including pecans. Of the sixty investigations begun by Glynn County authorities concerning the transfer station, only three resulted in citations.

Just before the close of the Stanfields' case, the trial court granted Waste Management's motion for directed verdict on the issue of damages to realty because, as the Stanfields' counsel confirmed, they did not present any evidence on the subject. The Stanfields did not object to this ruling. Shortly afterward, the trial court asked counsel to consider whether the trespass claim remained viable. The trial court later denied the Stanfields' request for jury charges on trespass and granted Waste Management's motion for directed verdict on that claim.

## Case No. A07A1479

1. According to the consolidated pre-trial order's statement, the Stanfields contended that the transfer station constituted a "nuisance and trespass," or more specifically a "continuing nuisance," having the result of denying the Stanfields "the rightful use and enjoyment of their property." The Stanfields asserted that Waste Management was thus liable "for the damages to [the Stanfields'] real property and damages for the use and enjoyment of their property." See generally *Baumann v. Snider*, 243 Ga. App. 526, 527 (1), n. 4 (532 SE2d 468) (2000) (trespass is "direct" and "immediate," whereas nuisance is "consequential").

When a deprivation of use and enjoyment has occurred, a plaintiff may recover both nominal damages and whatever the jury determines "the defendant ought to pay, in view of the discomfort and annoyance to which the plaintiff and his family have been subjected by the nuisance." (Citation and punctuation omitted.) *Swift v. Broyles*, 115 Ga. 885, 888 (2) (42 SE 277) (1902). The law is equally clear that a plaintiff may not recover for both discomfort and diminution of value. Id. (granting new trial as to damages caused by fertilizer plant built next to plaintiff's property on ground that plaintiff could not recover for both diminution of value and discomfort); see also *Ga. Northeastern R. v. Lusk*, 277 Ga. 245, 246 (1) (587 SE2d 643) (2003) (landowner cannot recover double damages for both "diminution [of] market value and costs to restore for the same injury occasioned by the same trespass and nuisance").

It is undisputed that the Stanfields did not put on any evidence of damage to the realty itself, and the jury determined that the Stanfields should take neither nominal nor general damages for their nuisance claim. Since this verdict disposed of the Stanfields' only remaining claim for damages, any error arising from the grant of a motion for directed verdict as to the Stanfields' trespass claim was harmless. See *Brand v. Montega Corp.*, 233 Ga. 32, 33 (1) (209 SE2d 581) (1974) (when facts giving rise to trespass and nuisance claims were "one and the same," and where jury was properly charged on deprivation of use and enjoyment, trial court's grant of directed verdict and refusal to charge on nuisance claim did not harm plaintiff).

2. Before trial, the Stanfields moved to exclude the reports of the four police officers who responded to their complaints concerning the transfer station. At trial, the Stanfields objected to the admission of the reports written by one of these officers. They now argue on appeal that the narratives contained in the reports do not fall under the business records exception to the hearsay rule. See OCGA § 24-3-14;

*Brown v. State*, 274 Ga. 31, 33-34 (1) (549 SE2d 107) (2001) (narrative portions of police reports are not admissible as business records).

Pretermitting whether the trial court erred when it admitted the reports, we find that any error was harmless because the officer was available for cross-examination and because the reports were cumulative of his testimony. See *Williams v. State*, 261 Ga. App. 410, 415-417 (6) (582 SE2d 556) (2003) (where admission of police report repeated and did not bolster testimony of witnesses quoted in report, and where report was cumulative of the testimony of its author, who was available for cross-examination, any error in admitting the report was harmless).

## Case No. A07A1480

3. After the jury returned its verdict in favor of Waste Management, counsel prepared a proposed judgment including the order that "Plaintiffs take nothing, that the action be dismissed on the merits, and that Defendant ... recover of Plaintiffs ... the costs of this action." When the trial court entered its judgment on the verdict, it struck out the passage concerning dismissal on the merits and amended the remainder to read that "Plaintiffs take nothing *as damages* and that Defendant ... recover of Plaintiffs ... the *court* costs of this action *if it paid any.*" (Emphasis supplied.)

Waste Management claims that the wording of the judgment "leaves doubt" as to whether all of the Stanfields' claims, both legal and equitable, have been dismissed. We harbor no such doubt. The record shows that the Stanfields argued for injunctive relief at the motion for new trial, that the trial court denied such relief at the hearing and by written order, and that the Stanfields' motion for new trial was also denied. The trial court was correct to amend the verdict so as to preserve the Stanfields' right to a nonjury trial on equitable relief following its jury trial on damages. See *Life for God's Stray Animals v. New North Rockdale County Homeowners Assn.*, 253 Ga. 551, 553 (4) (322 SE2d 239) (1984) (trial concerning damages for nuisance should be held before nonjury trial concerning permanent injunction). The trial court's denial of equitable relief then mooted the matter.

*Judgment affirmed in both cases. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 24, 2007 —
RECONSIDERATION DENIED OCTOBER 12, 2007

814

*Gillen, Parker & Withers, Thomas A. Withers, Bridges & Wright, Howell F. Wright, Jr.*, for appellants.

*Hunter, Maclean, Exley & Dunn, Erin B. Raley, Christopher H. Smith*, for appellee.