**THIRD DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 15, 2017**

# In the Court of Appeals of Georgia

A16A1629, A16A1630. CITY OF EAST POINT v. YOUNG, and vice versa.

McFADDEN, Presiding Judge.

Lillian Young contends that, by repeatedly driving a garbage truck on a driveway to an apartment complex she had owned, the city of East Point damaged it. Both Young and the city moved for summary judgment. The trial court denied Young's motion and partially granted the city's. Young appealed, and the city cross appealed.

We agree with the trial court that the city is entitled to summary judgment on Young's negligence, negligence per se, and trespass claims. And the trial court correctly denied Young's motion for summary judgment on her nuisance claim.

We do not reach the city's cross appeal. The city argues that, because Young failed to produce evidence of damages, it is also entitled to summary judgement on her nuisance claims and her inverse condemnation claim. But the trial court did not address that argument.

We therefore affirm the judgment of the trial court in both the main appeal and cross appeal.

1. *Background.*

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). This [c]ourt applies a de novo standard of review to an appeal from a grant of summary judgment and we view the evidence in the light most favorable to the nonmovant." *Davis v. Overall*, 301 Ga. App. 4 (686 SE2d 839) (2009) (citation omitted).

So viewed, the record shows that Young owned a 20-unit rental property in the city of East Point from February 2007 until July 2012, when she lost it in foreclosure. She alleged that the city of East Point repeatedly drove a garbage truck on one of the property's three driveways, causing the condition of the driveway to deteriorate until it became unusable. She alleged that she notified the city of the problem, but city employees continued to drive the garbage truck on the driveway. She alleged that the

condition of the driveway caused tenants to fail to renew their leases and potential tenants to decide not to lease apartments in her property. She alleged that the resulting decline in her rental income caused her to lose the property in foreclosure.

She filed this action, asserting claims of negligence, negligence per se, trespass, nuisance, and inverse condemnation. The parties moved for summary judgment. The trial court granted the city summary judgment on Young's claims of negligence, negligence per se, and trespass, ruling that the city was entitled to sovereign immunity. It denied both parties' motions for summary judgment on the nuisance claim, finding that whether the city maintained a nuisance, whether its actions caused an injury, and whether Young gave notice were triable issues of fact. The trial court denied the city's motion for summary judgment on Young's inverse condemnation claim, finding that it, too, depended on triable issues of fact. Young appealed and the city cross-appealed.

2. *The grant of summary judgment to the city on Young's negligence, negligence per se, and trespass claims.*

Young argues that the trial court erred in granting summary judgment to the city on her claims for negligence, negligence per se, and trespass. She argues that,

contrary to the trial court's ruling, the city operated its sanitation service as a proprietary venture, excepting it from sovereign immunity. The trial court did not err.

Generally, a municipality is immune from liability for its performance of governmental functions, which are defined as "those of a purely public nature, intended for the benefit of the public at large, without pretense of private gain to the municipality." *City of Atlanta v. Mitcham*, 296 Ga. 576, 577-578 (1), (2) (769 SE2d 320) (2015). In comparison, a municipality may be liable for the negligent performance of its ministerial functions, which are defined as "those involving the exercise of some private franchise, or some franchise conferred upon [the municipality] by law which it may exercise for the private profit or convenience of the [municipality] or for the convenience of its citizens alone, in which the general public has no interest." Id. at 578 (1), (2) (footnote, citation, and punctuation omitted).

A municipality's collection of garbage generally "is a governmental function, for the performance of which [it] is granted immunity from liability for the negligent acts of its officers and employees." *City of Atlanta v. Chambers*, 205 Ga. App. 834, 835 (2) (424 SE2d 19) (1992) (citation and punctuation omitted). Young relies on an exception to this general rule, which

4

may arise where a city operates a garbage collection service primarily as a business enterprise and source of revenue, rather than primarily as a public service. . . . Whether the enterprise turns a profit . . . is not the controlling point; what is significant is the character of the enterprise as primarily a source of revenue rather than being used primarily for the benefit of the public regardless of incidental generation of revenues.

Id. (citations and punctuation omitted).

The city made a sufficient showing under the rule set out in *Chambers*. It introduced the affidavit of Charles Moore, the city's solid waste manager, who testified that the city operates its garbage collection service as a public service, not as a proprietary endeavor. Moore stated that 100 percent of the garbage collection fees are used to off-set the expenses of running the solid waste department and that the fees do not constitute a revenue source for the city. Although Young moved to strike Moore's affidavit as based on speculation and hearsay, she has pointed to no trial court ruling on her motion. In any event, her objection went to Moore's testimony about the department finances, not his testimony about the department's character in operating as a public service.

To support her argument that an issue of fact exists as to whether the city's sanitation service is a profit-making business enterprise, Young points to an annual

financial report in which the solid waste fund is listed under the category heading "proprietary funds." Assuming that this document is admissible and that its use of the phrase "proprietary funds" could support the inference Young would draw, it is nevertheless insufficient to create a question of fact because it does not contradict Moore's unambiguous testimony that the city operates its garbage collection service as a public service, that garbage collection fees are exclusively used to off-set the expenses of providing the garbage collection service, and that the fees do not constitute a revenue source for the city.

So Young has not shown that the trial court erred in ruling that "the [c]ity's garbage collection service is a governmental function, and the [c]ity is protected by sovereign immunity from [Young's] negligence, negligence per se and trespass claims."

Young also argues that by continuing to enter her property, the city violated her "due process and just compensation rights under Eminent Domain and the Constitution," thereby waiving immunity. This simply restates her still-pending claim for compensation for inverse condemnation. It does not state a basis for waiving sovereign immunity.

6

Young has failed to show that the trial court erred in determining that the city is entitled to immunity on her claims for negligence, negligence per se, and trespass.

3. *The denial of Young's motion for partial summary judgment on her nuisance claim.*

Young argues that the trial court erred in denying her motion for partial summary judgment on the issue of the city's liability on her nuisance claim because the material facts are undisputed. The trial court correctly denied the motion.

> To state a claim of nuisance against a municipality, a plaintiff must establish that (1) the city's conduct was egregious enough to exceed mere negligence, (2) the resulting continuous or repetitious dangerous condition was of some duration, and (3) the city failed to correct the danger within a reasonable time after acquiring knowledge of the defect or dangerous condition.

*City of Atlanta v. Landmark Envtl. Indus.*, 272 Ga. App. 732, 733 (1) (613 SE2d 131) (2005) (citation omitted).

The evidence in support of Young's nuisance claim shows that twice a week from April 2010 to July 2012 — even after she told them to stop — the city's employees came onto her property with a garbage truck, damaging a concrete driveway and so causing her discomfort, loss of peace of mind, and unhappiness. The

7

trial court found that evidence sufficient to overcome the city's motion for summary judgment. But he also found that the city "provided ample evidence to create a triable issue of fact as to whether or not the [c]ity created and maintained a nuisance . . . ." We agree.

The city introduced the affidavit of the primary driver of the city garbage truck that serviced Young's property. He testified that he never used the concrete driveway at issue, but instead used a different, sturdier driveway. The city also introduced the affidavit of the superintendent of the city's sanitation department, who testified that the city did not use the concrete driveway to access Young's dumpster. He admitted that he could not explain a photograph that showed a sanitation truck on the concrete driveway because that "was never the assigned route to access the dumpster."

Young argues that these affidavits do not create a question of fact because the affiants' testimony is false. But the trial court denied Young's motion to strike the affidavits on this ground and Young has not enumerated that ruling as error. We agree with the trial court that whether the city created and maintained a nuisance is a disputed question of fact.

4. *The denial of the city's motion for summary judgment on Young's nuisance and inverse condemnation claims.*

8

The city argues that it is entitled to summary judgment on Young's nuisance and inverse condemnation claims because Young has presented no evidence of damages. The city raised this argument in its motion for summary judgment, but the trial court did not address it. So we do not address it either.

> Although the issue of [damages] was raised below by the evidence and by [the city's] arguments in support of its motion for summary judgment, the trial court did not address the matter in its summary judgment order. Thus, if we were to conclude that the trial court erred, it would be on account of an issue never ruled on below. See *City of Gainesville v. Dodd*, 275 Ga. 834, 837 (573 SE2d 369) (2002) (noting principle that "[t]here having been no rulings by the trial court on the issues raised on appeal, there are no rulings to review for legal error") (citation and punctuation omitted). As we have said, although an appellate court sometimes can review a record for purposes of summary judgment as effectively as a trial court and determine that the ruling under review was right for some reason other than the reason given by the court below, we do not think an appellate court properly ought to consider whether the trial court was "wrong for any reason."

*Nebo Ventures, LLC v. NovaPro Risk Solutions, L.P.*, 324 Ga. App. 836, 848 (4) (752 SE2d 18) (2013) (citation omitted). Accordingly, we conclude that it is appropriate for the trial court to address in the first instance whether the city is entitled to summary judgment on this ground. But see *Stroud v. Hall County*, 339 Ga. App. 37,

9

41 (2) (__ SE2d __) (2016) (citation and punctuation omitted) ("[A] plaintiff's failure to produce probative evidence of a specific amount of damages is not a viable basis for summary judgment.").

*Judgments affirmed. McMillian and Self, JJ., concur.*