77892. F. A. REECE ENTERPRISES, INC. v. WINNINGS.
(380 SE2d 747)

DEEN, Presiding Judge.

Appellant-defendant entered into a written contract to make certain repairs and improvements to appellee-plaintiff's house. Alleging a failure to perform the repairs and improvements in a workmanlike manner, appellee filed suit against appellant in the Magistrate Court of DeKalb County. However, the magistrate court determined that it lacked jurisdiction and transferred the case to the State Court of DeKalb County. Appellant then made a motion to re-transfer the case to the magistrate court but the state court denied the motion. Thereafter, appellee amended her complaint, seeking damages in an amount significantly greater than that which she had originally sought in the magistrate court. The case proceeded to a jury trial. At the close of appellee's evidence and then at the close of all the evidence, appellant moved for a directed verdict. The motions were denied and the case was submitted to the jury. A verdict in the amount of $6,500 was returned in favor of appellee. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. Appellant enumerates as error the trial court's denial of its motions for directed verdict, urging that appellee failed to meet her burden of proof as to damages. "Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury . . . can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guess work. [Cit.]" *Big Bldr. v. Evans,* 126 Ga. App. 457, 458 (2) (191 SE2d 290) (1972). "To justify an award of damages . . . there must be some evidence from which the trior of fact can arrive at some definite sum constituting the damages. . . . [Cits.]" *Allstate Ins. Co. v. Austin,* 120 Ga. App. 430, 434 (2) (170 SE2d 840) (1969).

In the instant case, appellee contracted with appellant for home repairs and construction, including the major items of reroofing the house and building and painting a picket fence; for that work, appellee paid $12,120. From the bevy of photographs submitted by both parties, it is readily apparent that the construction and painting of

the fence constituted approximately one-half of the contracted work. One expert witness, who held a master's degree in engineering and who owned his own painting and contracting company, testified that the fence was probably the worst he had ever seen, and recommended totally replacing the fence rather than patching it up. This expert witness also testified that repairs to the living room ceiling due to water damage caused by a leaking roof (after the appellant's reroofing of the house) would cost several hundred dollars, and similar repairs to the ceiling in an adjoining closet would cost at least $50. Appellee also had to pay someone $200 to clean up the rubbish left by appellant's crew.

The above provided adequate evidentiary basis to support the jury's award of $6,500. Accordingly, the trial court properly denied appellant's motion for directed verdict.

2. Appellant also enumerates as error the trial court's denial of its motion to transfer back to the magistrate's court. Appellant contends that the magistrate court had jurisdiction under OCGA § 15-10-2 (5) because the claim was for $2,500 and defendant was in default in that court, so that damages could not exceed that amount. However, it appears from the nature and size of the pro se claim as presented in the magistrate court that the claim was for an unliquidated, larger amount. That apparently is what prompted both the magistrate court to transfer the case pursuant to the Uniform Transfer Rules and the state court to refuse to relinquish jurisdiction. Since the amount sought actually exceeded the magistrate's jurisdictional ceiling, the state court properly retained the case.

Judgment affirmed. *McMurray, P. J., Pope, Benham and Beasley, JJ., concur. Carley, C. J., Banke, P. J., Birdsong and Sognier, JJ., dissent.*

CARLEY, Chief Judge, dissenting.

A review of the record shows that "[a]ppellee did not meet the burden of providing the jury 'data sufficient to enable them to estimate with reasonable certainty the amount of damages.' Therefore, the trial court erred in failing to direct a verdict for appellant." *Accent Walls v. Parker*, 162 Ga. App. 633, 634 (1) (292 SE2d 509) (1982). Accordingly, I must respectfully dissent to the majority's affirmance of the judgment in this case.

"Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury . . . can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guess work. [Cit.]" *Big Bldr. v. Evans*, 126 Ga. App. 457, 458 (2) (191 SE2d 290) (1972). "To justify an award of damages . . . there must be some evidence from which the trior of fact can arrive at some definite sum constituting

the damages. . . . [Cits.]" *Allstate Ins. Co. v. Austin*, 120 Ga. App. 430, 434 (2) (170 SE2d 840) (1969). "The burden is on the plaintiff to show both the breach and the damage ([cit.]), and this must be done by evidence which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages. [Cits.] It cannot be left to speculation, conjecture and guesswork. [Cit.]" *Bennett v. Assoc. Food Stores*, 118 Ga. App. 711, 716 (2) (165 SE2d 581) (1968). The majority bases its decision entirely upon speculation, conjecture and guesswork.

The photographs upon which the majority relies may constitute evidence of appellant's breach of contract through poor workmanship, but they are not relevant evidence as to the issue of damages. See *Holder v. J. F. Kearley, Inc.*, 153 Ga. App. 843, 845 (6) (267 SE2d 266) (1980). The conclusion that the fence "constituted approximately one-half of the contracted work" is no more than mere speculation. Moreover, it is entirely irrelevant whether the fence may have represented one-half of the *work* contemplated by the contract. Whether the fence represented one-half of the contract *price* that appellee agreed to pay for the work would be the relevant inquiry. There was absolutely no evidence that the fence represented one-half of the consideration that appellee paid appellant. The majority cites no authority for the proposition that the testimony as to repair costs of "several" hundred dollars and "at least" fifty dollars would be sufficiently definite to support an award of damages. The majority notes that there was testimony that appellant had paid $200 to have her yard cleaned. However, the majority fails to note that there was no evidence that the clean-up of appellee's yard was appellant's contractual responsibility. Moreover, the undisputed evidence shows that the work for which appellee paid $200 encompassed considerably more than just the removal of the construction debris left behind by appellant. The $200 included mowing the grass, trimming the bushes and other general yardwork. There was no evidence as to what part of the $200 was attributable to the removal of construction debris and what part was attributable to the general yardwork. It is my opinion that the evidence as to damages is entirely speculative and totally deficient. The trial court's denial of appellant's motion for a directed verdict should be reversed. I must, therefore, respectfully dissent.

I am authorized to state that Presiding Judge Banke, Judge Birdsong and Judge Sognier join in this dissent.

DECIDED MARCH 15, 1989 —
REHEARING DENIED MARCH 23, 1989 —

*Jack V. Dorsey*, for appellant.

*Pamela L. Tremayne*, for appellee.