A99A2124. BAUMANN et al. v. SNIDER et al.
(532 SE2d 468)

RUFFIN, Judge.

Christopher and Karen Baumann sued their neighbors, Michael
Snider and Julie Abston, for trespass and nuisance, claiming that
improvements Snider and Abston had made to their property caused
increased rainwater runoff onto the Baumanns' property. After a jury
found in favor of the Baumanns, Snider and Abston filed a motion for
judgment notwithstanding the verdict, which the trial court granted.
The Baumanns appeal, and for reasons that follow, we reverse and
remand with direction.

The evidence, viewed most favorably to support the jury verdict,
shows the following. The Baumanns' home lies downhill from the
neighboring Snider/Abston residence. There is a natural runoff of
rainwater from the Snider/Abston property to the Baumann property.
After Snider and Abston purchased their residence in 1992, they
gradually stripped the existing vegetation on their lot, which had
previously included a dense ivy cover, and graded the property until
it was mostly dirt. They hired a landscape firm to design and con-
struct a Japanese garden, including a dry streambed built of rocks.
The construction included four underground gutters that fed into the
streambed, which terminated at the Baumanns' property line.

The Baumanns' expert witness, a hydraulic engineer, reported
that the alterations to the Snider/Abston property resulted in a 40 to
80 percent increase in surface water discharge onto the Baumann
property during storms. The Baumann property suffered ongoing
damage from the increased water flow, including erosion causing the
exposure of tree roots and the build-up of soil against a boundary
fence, reducing it from a four-foot fence to a two-foot fence.

Christopher and Karen Baumann both testified that there was
increased rainwater runoff from the Snider/Abston property. Christo-
pher Baumann also recounted his mitigation efforts, including con-
struction of a sidewalk to funnel water to the front of the Baumann
property and onto the street. He reversed the gutters on his carport
to funnel water to the front of his property. He added bushes and
plants. These remedial efforts resulted in total out-of-pocket costs to
the Baumanns of approximately $400 and required eight days of
labor.

After presentation of the case, the trial court found that the evi-
dence would not support an award of punitive damages and granted

a motion for directed verdict on that issue. The jury returned a verdict in favor of the Baumanns for $12,500 in damages and $15,000 in attorney fees. After judgment was entered against them, Snider and Abston filed a motion for judgment n.o.v. or in the alternative for a new trial. The Baumanns filed an application for a permanent injunction against the rainwater runoff. The trial court denied the Baumanns' application, granted Snider and Abston's motion for judgment n.o.v., and entered judgment in favor of Snider and Abston for all claims in the case.

1. In granting Snider and Abston's motion for judgment n.o.v., the trial court ruled that the Baumanns failed to prove damages. In their first enumeration of error, the Baumanns claim that the trial court erred in so ruling. In order to prevail on a motion for judgment n.o.v., the evidence must demand a verdict for the moving party.[1] Where there is conflicting evidence, judgment n.o.v. should not be awarded.[2] As there is some evidence of damages for nuisance, the trial court erred in granting judgment n.o.v.

The Baumanns sought to recover damages[3] under the theories of trespass and nuisance.[4] In actions for either trespass or nuisance, there may be a recovery for damage to real property. Generally, the measure of damages to the property is the cost of repair as well as the difference in the fair market value before the trespass and the fair market value after the trespass.[5] If the cause of the trespass is an abatable nuisance, and therefore not necessarily permanent in nature, the measure of damages is the loss in fair market rental

---

[1] *U. S. Fidelity &c. Co. v. Paul Assoc.*, 230 Ga. App. 243, 250 (6) (b) (496 SE2d 283) (1998).

[2] Id. See also *Bryant v. Colvin*, 160 Ga. App. 442, 444 (287 SE2d 238) (1981).

[3] The Baumanns claimed damage from surface water discharge onto their property. Although property must accept the natural runoff of water from neighboring lands, an artificial increase or concentration of water discharge may give rise to a cause of action. As our Supreme Court said in *Cox v. Martin*, 207 Ga. 442 (1) (62 SE2d 164) (1950):

> Where two city lots adjoin, the lower lot owes a servitude to the higher, so far as to receive the water which naturally runs from it, provided the owner of the latter has done no act to increase such flow by artificial means. As to surface water, one land proprietor has no right to concentrate and collect it, and thus cause it to be discharged upon the land of a lower proprietor in greater quantities at a particular locality, or in a manner different from that in which the water would be received by the lower estate if it simply ran down upon it from the upper by the law of gravitation.

(Citations and punctuation omitted.)

[4] The distinction between trespass and nuisance consists in the former being a direct infringement of one's right of property, while in the latter the infringement is the result of an act which is not wrongful in itself, but only in the consequences which may flow from it. In the one case the injury is immediate; in the other it is consequential, and generally results from the commission of an act beyond the limits of the property affected.

(Punctuation omitted.) *Jillson v. Barton*, 139 Ga. App. 767, 768 (1) (229 SE2d 476) (1975).

[5] *Allgood &c. Methodist Church v. Smith*, 173 Ga. App. 28, 29 (2) (325 SE2d 392) (1984).

value plus actual damages.[6] In a nuisance action, there may also be a recovery for damages to the person.[7] The determination of damages for "discomfort, loss of peace of mind, unhappiness and annoyance" caused by the nuisance is for the enlightened mind of the jury.[8] In the case of a nuisance involving runoff of surface water, "actual damages as such, i.e., injuries, are evidenced by a showing that the property owners are deprived of the full use and enjoyment of their property by the increased flow of surface waters or sediments on it."[9]

The trial court held that "the question of whether Plaintiffs presented sufficient evidence in this case turns upon whether Plaintiffs proceeded under the claim of trespass or nuisance in this action." The trial court noted that, in the pretrial order, the Baumanns made no "claim for damages for 'discomfort, loss of peace of mind, unhappiness and annoyance' or other damages that would be recoverable under a claim of nuisance" and that " ' "[i]f a claim or issue is omitted from the [pretrial] order, it is waived." ' "[10] Therefore, the trial court reasoned, the Baumanns could not recover damages for nuisance, but could recover damages only for trespass. At trial, no evidence was presented that demonstrated a diminution in the fair market value of the Baumann property. Absent such evidence, the trial court ruled that there was no basis for the jury verdict.[11]

Putting aside the question of property damages, the evidence supports a verdict based on damages to the person under a nuisance theory. Therefore, we must decide whether the Baumanns waived their nuisance claim by failing to include damages for nuisance in the pretrial order.

A pretrial order, "when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice."[12] The purpose of a pretrial order is to promote efficiency and to conserve judicial resources.[13] A pretrial order is to be construed liberally "to allow the consideration of all questions fairly within the ambit of contested issues."[14] Failure of a party to raise an issue in the pretrial order is not controlling where evidence is introduced on the

---

[6] *Burleyson v. Western Atlantic R. Co.*, 91 Ga. App. 745, 752 (1) (87 SE2d 166) (1955).

[7] OCGA § 41-1-4.

[8] (Punctuation omitted.) *Roddenberry Farms v. Leverich*, 192 Ga. App. 153 (384 SE2d 243) (1989); *City of Columbus v. Myszka*, 246 Ga. 571, 573 (6) (272 SE2d 302) (1980); *Mayor &c. of Waynesboro v. Hargrove*, 111 Ga. App. 26 (2) (140 SE2d 286) (1965).

[9] *Tyler v. Lincoln*, 236 Ga. App. 850, 853 (1) (513 SE2d 6) (1999) (cert. granted).

[10] *Dunaway v. Parker*, 215 Ga. App. 841, 845 (1) (453 SE2d 43) (1994).

[11] See *F. A. Reece Enterprises v. Winnings*, 191 Ga. App. 30 (1) (380 SE2d 747) (1989); *Hale v. Glenn*, 108 Ga. App. 579, 580 (134 SE2d 60) (1963).

[12] OCGA § 9-11-16 (b).

[13] *Goodman v. Frolik & Co.*, 233 Ga. App. 376, 379 (2) (504 SE2d 223) (1998).

[14] (Punctuation omitted.) *Ackley v. Strickland*, 173 Ga. App. 784, 787 (328 SE2d 549) (1985) (when nominal damages are inferred by the commission of a tort, it is error for the

issue without objection, the opposing party is not surprised, and the issue is litigated.[15] Rather, the pretrial order is deemed modified to conform to the evidence that is admitted.[16]

Here, the nuisance claim was made in the initial complaint. Moreover, the trial court charged the jury on the theory of nuisance and on damages, instructing jurors that:

> [t]o constitute a nuisance, the use must be such as to produce either actual, tangible, and substantial injury to neighboring property or such as to interfere sensibly with its use and enjoyment by persons of ordinary sensibilities. The plaintiffs here seek to recover monetary damages from the defendants. Damages are given as pay or compensation for injury done. . . . If you believe from the preponderance of the evidence that the plaintiffs are entitled to recover, you should award to the plaintiffs such sums as you believe are reasonable and just in this case.[17]

The defense was not prejudiced by the failure to specify a recovery for damages under the theory of nuisance because nuisance was a central theory of recovery from the outset of the case. Indeed, the jury was charged on nuisance without objection. We find that, under the circumstances, the pretrial order was modified to include the issue of recovery of damages for nuisance. Therefore, the trial court erred in finding the Baumanns had waived the issue.

Because there is evidence that the increased discharge of surface water interfered with the Baumanns' use and enjoyment of their property, the jury was authorized to render its verdict for damages in the amount of $12,500. The trial court's grant of Snider and Abston's motion for judgment n.o.v. must be reversed, and the judgment of the jury reinstated.

2. The trial court vacated the $15,000 jury award for litigation expenses because such expenses are "ancillary and recoverable only in cases where other elements of damages are recoverable."[18] Because damages have been reinstated, this reasoning no longer applies. The award of litigation expenses is a question for the jury and will be

---

trial court to refuse to submit the question of nominal damages to the jury solely on the ground that such damages had not been specifically pled or referred to in the pretrial order).

[15] *Carreras v. Austell Box Bd. Corp.*, 154 Ga. App. 135, 137-138 (2) (267 SE2d 792) (1980).

[16] *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 319 (1) (486 SE2d 851) (1997).

[17] The trial court told counsel that he was going to be deliberately vague in presenting the damage question to the jury: "let me show you [counsel] this verdict form. I just have damages set out. I don't specify it as general or special or nominal, because . . . the law infers some damage from the invasion of a property right."

[18] *Barnett v. Morrow*, 196 Ga. App. 201, 202 (396 SE2d 11) (1990).

affirmed if there is any evidence to support it.[19] There is evidence that in April 1996 the Baumanns complained to Snider and Abston about the increased runoff caused by the removal of their gutters. Snider and Abston, with knowledge of the existing drainage problem, proceeded to construct the dry streambed in May 1996, running four new gutters into it and more steeply grading their property from the house slanting down into the streambed. This is evidence upon which a jury could base a finding of bad faith. Accordingly, the trial court's grant of judgment n.o.v. respecting the jury verdict for litigation expenses must be reversed.

3. The Baumanns contend that the trial court erred by granting Snider and Abston's motion for a directed verdict on the question of punitive damages. We agree. OCGA § 51-12-5.1 (b) provides that:

> [p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

"[I]t remains the rule that something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage."[20] Ordinarily, the imposition of punitive damages is a question for the jury.[21]

There is no evidence that Snider and Abston harbored a malicious intent to cause harm. The Baumanns argue, however, that Snider and Abston demonstrated a want of care rising to a conscious indifference to consequences by clearing the ivy and other ground cover from their property, by constructing the dry streambed and by failing to abide by a temporary injunction.

Actions arising to a conscious indifference to consequences may authorize a finding of punitive damages. In *Ponce de Leon Condo. v. DiGirolamo*,[22] our Supreme Court found that a judgment for punitive damages was supported by the evidence where the defendants had developed property adjacent to the plaintiff's residence. Despite the plaintiff's warnings about the danger of increased water discharge,

---

[19] See *Kent v. Brown*, 238 Ga. App. 607, 613 (2) (g) (518 SE2d 737) (1999) (questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense, under OCGA § 13-6-11, are generally questions for the jury to decide); *Equicor, Inc. v. Stamey*, 216 Ga. App. 375, 378 (2) (454 SE2d 550) (1995).

[20] (Punctuation omitted.) *Tri-County Investment Group v. Southern States*, 231 Ga. App. 632, 638 (4) (b) (500 SE2d 22) (1998).

[21] *Read v. Benedict*, 200 Ga. App. 4, 7 (2) (406 SE2d 488) (1991).

[22] 238 Ga. 188 (232 SE2d 62) (1977).

the defendants graded and paved their property and routed a drainage system onto the plaintiff's property, causing water damage. The defendants never altered the drainage system despite the plaintiff's protests before and after its construction.

Here, Snider and Abston constructed a drainage system, through the dry streambed, which concentrated and directed water onto the Baumanns' property. They were on notice of a water discharge problem even before the streambed was constructed but never acted to abate it. This is sufficient evidence of "conscious indifference" to authorize a jury to award punitive damages. Therefore, the trial court's grant of the motion for directed verdict on the issue of punitive damages is reversed.

4. In their final enumeration of error, the Baumanns claim that the trial court erred by refusing to grant their application for a permanent injunction. The exercise of discretion by the trial court in granting or denying an injunction will not be interfered with absent manifest abuse.[23] But:

> [w]here . . . the trial judge has a legal discretion to exercise and passes judgment on the question, resting his decision solely upon a point of law and affirmatively showing from the language of the ruling that he failed to exercise any discretion whatsoever in the premises, the rule of discretion does not apply; and if the legal ground on which the judgment was rested was erroneous, a reversal will result.[24]

If a trial court refuses to grant an injunction on an erroneous basis where there is no exercise of discretion, the case must be returned with direction that it be reheard on the merits.[25] The trial court denied the Baumanns' request for a permanent injunction because it held that the issue was moot, but, in view of this opinion, the motion for a permanent injunction was not moot. Therefore, the request for injunction was denied for an erroneous basis which did not involve the exercise of discretion.

The trial court suggested that it would have otherwise denied the motion because the Baumanns had an adequate remedy at law through the recovery of damages on a periodic basis. However, the law allows permanent injunctions against surface water runoff and also authorizes a remedy which includes both an injunction and dam-

---

[23] *Slaven v. City of Buford*, 257 Ga. 100 (355 SE2d 663) (1987).
[24] (Punctuation omitted.) *Lowance v. Dempsey*, 99 Ga. App. 592, hn. 2 (a) (109 SE2d 318) (1959) (physical precedent only).
[25] *Stribbling v. Ga. R. &c. Co.*, 139 Ga. 676, 687 (3) (78 SE 42) (1913).

ages.[26] The trial court's order does not indicate that it reviewed the question on the merits. Therefore, we remand this case to the trial court for consideration of the Baumanns' request for a permanent injunction.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 24, 2000 —
RECONSIDERATION DENIED APRIL 13, 2000.

*Smith, Schroeder & O'Connell, John J. O'Connell, Jr.,* for appellants.

*Savell & Williams, John C. Parker, Lisa J. Bucko,* for appellees.

---

[26] See *Columbia County v. Doolittle,* 270 Ga. 490, 493 (3) (512 SE2d 236) (1999).