A07A1252. FIELDS BROTHERS GENERAL CONTRACTORS, INC. et al. v. RUECKSTIES et al.
(655 SE2d 282)

PHIPPS, Judge.
Fields Brothers General Contractors, Inc. contracted to construct a house for Herbert and Barbara Ruecksties. The contract required construction "in a good and workmanlike manner and [that would] meet the standards of the current Standard Building Code of the Southern Building Code Congress International." After closing,

---

the Rueckstieses moved into their newly constructed house in November 2003 and soon began noticing structural problems. In June 2004, the Rueckstieses filed the instant action naming as defendants the corporation; its president, Timmy Fields; and its secretary, Perry Fields. After a bench trial, the court found both the corporation and Timmy Fields, in his personal capacity, liable. The corporation and the individuals appeal, contending that the trial court erred in refusing to exclude certain evidence, that liability was erroneously imposed upon Timmy Fields, and that the judgment is contrary to the evidence. Because the appellants have shown no error, we affirm.

Construed to support the judgment, the evidence showed that a structural engineer inspected the Rueckstieses' house in December 2004. He found that the roof was sagging; the front stoop had rotated away from the house, apparently having been built upon noncompacted soil; the main floor was "kind of bowing and rolling"; areas of sheetrock had deflected downward, causing cracks in the sheetrock above some of the doors; and certain doors could not be closed. A closer inspection of the house revealed inadequate framing from the foundation for the flooring to the attic area. Moreover, there was sagging in ceiling joists; some walls were out of plumb; some lentils over the windows were built out of level; and lentils over some windows failed to cover holes in the brick, which allowed for insects to crawl into the house. In addition, the brick masonry was inadequate. The structural engineer opined that the house had not been constructed in accordance with home building industry standards. His report, which included pictures of the structural deficiencies, his findings, and his conclusions, was entered into evidence.

A general contractor, whose 25 years of experience included custom building and remodeling in residential and light commercial projects, also inspected the Rueckstieses' house. He testified about the same problems described by the structural engineer, attributing numerous of them to inadequate framing. He also opined that the house had not been built in conformity with the standard in the building industry. Further, he concluded that the house could be repaired and itemized the costs for doing so.

Timmy Fields testified that the corporation was in the business of "general construction." With respect to the Rueckstieses' house, he had served as a subcontractor, explaining that he and some men he hired had done all the framing for the house, including the flooring and roof. He testified that he had been the lead framer and had inspected the others' work.

The court found the corporation liable for breach of contract. Citing *Brown v. Rentz*,[1] the court ruled that Timmy Fields was also personally liable, finding that he had supervised the construction and took part in the framing which caused the house to be negligently constructed.

1. Appellants contend that the trial court erred by denying their motion in limine to bar evidence that Timmy Fields had committed negligence. They argue that the consolidated pretrial order asserted claims for breach of contract,[2] but not for negligent construction. They also complain that, under these circumstances, they were not accorded an opportunity to prepare a defense to negligence.

"A pretrial order is to be construed liberally to allow the consideration of all questions fairly within the ambit of contested issues."[3] In the consolidated pretrial order in this case, the Rueckstieses claimed that "the Defendants breached the contract" and specifically alleged that "[t]he residence has numerous serious structural deficiencies and other construction-related deficiencies." Construing the pretrial order liberally, we find that the pretrial order fairly raised the issue of negligent construction and the extent of Timmy Fields's involvement.[4]

> As a general rule, there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner. The law imposes upon building contractors and others performing skilled services the obligation to exercise a reasonable degree of care, skill, and ability, which is generally taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same profession.[5]

In this case, "[t]he standard of proof on the contract claim for breach of the express duty to build the house in a fit and workmanlike manner [was] essentially the same as for proof of negligence."[6] Thus,

---

[1] 212 Ga. App. 275 (441 SE2d 876) (1994) (physical precedent only).

[2] The Rueckstieses also pursued a fraud claim and sought rescission. The trial court rejected these claims, and no issues pertaining to them are raised on appeal.

[3] *Baumann v. Snider*, 243 Ga. App. 526, 528 (1) (532 SE2d 468) (2000) (punctuation and footnote omitted).

[4] See *Fussell v. Carl E. Jones Dev. Co.*, 207 Ga. App. 521, 522-523 (1) (b) (428 SE2d 426) (1993).

[5] *Howell v. Ayers*, 129 Ga. App. 899, 900 (1) (a) (202 SE2d 189) (1973) (citation and punctuation omitted).

[6] *Hudgins v. Bacon*, 171 Ga. App. 856, 861 (3) (321 SE2d 359) (1984).

appellants have failed to show that they were not accorded a fair opportunity to prepare a defense to the Rueckstieses' allegation of negligent construction.

2. Timmy Fields contends that the trial court erred by relying on *Brown*[7] to find him liable.

Generally, "one who merely occupies the capacity of a corporate officer cannot be held to be vicariously liable for such damages as would otherwise be recoverable from his corporate principal."[8] As recognized by *Brown*, however, there is an exception to this general rule: " '[A]n officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor.' "[9] In *Brown*, the plaintiffs sued a corporation and one of its officers,[10] Lonnie Rentz, alleging claims of negligent construction of a residence and negligent misrepresentation in the sale of the residence to them.[11] The trial court granted summary judgment to Lonnie Rentz, finding no evidence that he had participated in the sale or had disregarded the corporate entity he represented.[12] Reviewing the grant of summary judgment, this court noted that there was no evidence that Lonnie Rentz had built the house in his individual capacity.[13] However, there was evidence that he had specifically directed the manner in which the house was constructed or participated or cooperated in its negligent construction.[14] Given this evidence and his status as a corporate officer, this court reversed the grant of summary judgment to Lonnie Rentz on the negligent construction claim.[15]

In the instant case, Timmy Fields acknowledged his personal involvement in the construction of the house. He testified that he and some men he hired had done all the framing for the house; he had been the lead framer; and he had inspected the others' work. Despite his status as a corporate officer and the expert testimony regarding the particulars in which the construction of the house failed to comport with standards in the home building industry, Timmy Fields argues that *Brown* is inapposite to this case and therefore cannot be used to impose personal liability upon him. Specifically, Timmy Fields points out that the plaintiffs in *Brown* sought recovery under

---

[7] Supra.

[8] *Smith v. Hawks*, 182 Ga. App. 379, 384 (4) (355 SE2d 669) (1987).

[9] *Brown*, supra at 276 (2), quoting *Cherry v. Ward*, 204 Ga. App. 833, 834 (1) (a) (420 SE2d 763) (1992).

[10] The other individual defendant in *Brown* is not pertinent to our analysis here.

[11] *Brown*, supra.

[12] Id.

[13] Id.

[14] Id. at 277.

[15] Id. at 276-277.

the tort of negligent construction. He asserts that the pretrial order in this case set forth a breach of contract theory of recovery, but did not advance as a theory of recovery the tort of negligent construction.

A pretrial order, "when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice."[16] However, failure of a party to expressly raise a claim in the pretrial order is not controlling where, as here, evidence on the issue was properly admitted,[17] the opposing party asserted no viable claim that he was prejudiced by surprise,[18] and the issue was litigated.[19] Rather, the pretrial order may be modified to conform to the evidence that is admitted.[20]

The trial transcript in this case reveals that the trial court expressly noted that where "an officer of a corporation decides to himself participate in the actual construction of a home — and then does so negligently, then he cannot avail himself of the corporate protection." The transcript further reveals that the Rueckstieses' counsel confirmed, "Suffice it to say that's our position."

This record shows that the trial court allowed for a modification of the pretrial order to include a theory of recovery for negligent construction as espoused in *Brown*.[21] "In the absence of an abuse of discretion, a trial court's action in creating, enforcing, and modifying a pretrial order will not be disturbed on appeal."[22] Under the circumstances presented here, we find no abuse of discretion in the trial court's modification of the pretrial order.[23]

Because Timmy Fields had specifically directed the manner in which the house was constructed or participated in its negligent construction, there is no merit in his contention that the trial court erred by relying on *Brown* to find him personally liable for the negligent construction of the Rueckstieses' house.[24]

3. There is no merit in appellants' contention that the judgment was contrary to the evidence.

---

[16] OCGA § 9-11-16 (b).

[17] See Division 1, supra.

[18] See Division 1, supra.

[19] *Baumann*, supra at 528-529.

[20] Id. at 529.

[21] See id.

[22] *Gibson v. Tim's Crane & Rigging*, 266 Ga. App. 42, 45 (2) (596 SE2d 215) (2004) (punctuation and footnote omitted), aff'd in part and rev'd on other grounds, *Tim's Crane & Rigging v. Gibson*, 278 Ga. 796, 797 (604 SE2d 763) (2004) (expressly affirming "that portion of the Court of Appeals' judgment which relates to amendment of the pre-trial order").

[23] See *Baumann*, supra; see generally *Gibson*, supra; compare *Williams v. Martin*, 273 Ga. App. 562, 563-564 (1) (615 SE2d 774) (2005) (amendment to add theory of liability to the pretrial order in response to a motion for directed verdict would have been improper, where the defendant had no opportunity to prepare a defense to the new theory).

[24] See *Cherry*, supra at 834; *Howell*, supra at 901 (4); *Brown*, supra at 276-277.

(a) Appellants assert that the evidence failed to establish the cause of the problems with the roof, attic, windows, sheetrock, and flooring. However, both the structural engineer and the general contractor gave extensive expert testimony attributing these problems to construction deficiencies.

(b) Appellants assert that there was no evidence establishing noncompliance with the building code expressly cited in the contract. Although there was no evidence concerning the specified code, other evidence, including the expert opinions of the structural engineer and the general contractor that the construction of the house was not in accordance with applicable industry standards, authorized the trial court to find that the house had been negligently constructed and that the contract was materially breached in that the house had not been constructed in a good and workmanlike manner.[25]

(c) Timmy Fields argues that he should not be required to pay damages allotted for problems with the front stoop, asserting that "the front stoop was totally unrelated to the framing work performed by [him]." But Timmy Fields has failed to show that he was charged with damages related to the front stoop. The order, which itemized damages, does not expressly attribute any amount of damages to correct problems with the front stoop. Moreover, the general contractor testified that such problems were due to the "brick work." And while the court granted $8,500 for the cost of correcting "bricking problems," the order expressly states that Timmy Fields is not liable for "the cost of $8,500 for the repair of the brick work." Timmy Fields has failed to show error by the record.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 30, 2007.

*Terry N. Massey*, for appellants.
*Daniel S. Digby*, for appellees.

---

[25] See generally *Hudgins*, supra.