A11A1933. WELLER et al. v. BLAKE et al.
(726 SE2d 698)

DOYLE, Presiding Judge.

Allston and Kathleen Weller filed a complaint against Richard and Tina Blake for damages arising from smoke emanating from the Blakes' outdoor fireplace. The Wellers appeal the trial court's grant of summary judgment to the Blakes in several enumerations of error. For the reasons set forth below, we reverse.

---

In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment[,] the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

So viewed, the record shows that the Blakes and the Wellers live next door to each other in a subdivision in Cobb County. In or around June 2008, the Blakes built an outdoor fireplace in their backyard. The fireplace's stone chimney is approximately ten feet high and located about thirty feet from the Wellers' closest window; photographs contained in the record show that the top of the chimney is roughly level with the main floor of the Wellers' adjacent house, which sits on a basement. The Blakes received approval for the fireplace from the subdivision homeowners' association before beginning construction, and although they did not have a permit at the time they constructed the fireplace, they later obtained one.

According to the Wellers, wood smoke fills their yard and house when the Blakes use their outdoor fireplace.[2] The smoke is visible and has a strong, offensive odor. The Wellers deposed that the smoke makes them and their three young daughters "very uncomfortable," and it causes them to cough and have itchy, red eyes; headaches; scratchy throats; and difficulty breathing. When the smoke enters their home, the Wellers close their windows and the garage door, and on occasion, they move the children to a different part of the house or the basement or leave the house altogether to avoid it. Two of the Wellers' three young children have medical conditions, including allergies and croup, that are exacerbated by smoke inhalation, and the children's pediatrician told the Wellers that wood smoke "is not good for children." The Wellers concede, however, that they have

---

[1] (Citation omitted.) *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006).

[2] Allston Weller testified that "we have seen a visible haze before in our house and would say that's probably happened two or three times. Usually, though, it is just the odor or it's predominately the odor. Sometimes it takes the visible portion of it more time to get in, no question, but the odor is a hundred percent of the time."

never had to administer medicine to the children or seek medical attention for them as a result of smoke inhalation from the Blakes' fireplace.

Allston testified that the Blakes used the fireplace to burn wood approximately twenty to thirty times in the three-year period preceding his deposition. The Blakes initially burned pine and other soft woods, but after the Wellers complained, the Blakes used other types of dry hardwoods and Duraflame logs, and they built smaller fires in an attempt to mitigate the smoke. They also planted fast-growing trees, minimized the frequency and duration of the fires, reduced the amount of kindling used in the fires, and made efforts to limit use of the fireplace to those days when the wind was blowing away from the Wellers' house. Richard further testified that an inspector from the Cobb County Fire Department inspected the fireplace following a complaint to the county by the Wellers, and the inspector concluded that the fireplace was suitable for burning and authorized him as a registered burner in Cobb County, which designation permitted him to burn hardwoods 24 hours a day. At the request of a Cobb County Building Inspector, Richard had the fireplace inspected by a structural engineer, who concluded that the fireplace "was sound and properly constructed."

The Wellers filed suit against the Blakes, alleging claims for nuisance, negligence, punitive damages, and attorney fees and expenses pursuant to OCGA § 13-6-11. The Blakes moved for summary judgment, and the trial court granted the motion following oral argument. This appeal followed.

1. *Nuisance.* The Wellers argue that the trial court erred by granting summary judgment as to their nuisance claim because genuine issues of material fact exist. We agree.

In Georgia, a nuisance is "anything that causes hurt, inconvenience, or damage to another[,] and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary, reasonable man."[3]

> If a nuisance is found to exist although there has been only de minimis damage to the property interest, appellant[s] may seek damages for annoyance and discomfort caused by such nuisance as a result of the maintenance of the nuisance. Damages for discomfort and annoyance are separate

---

[3] OCGA § 41-1-1.

and distinct damages from any damage to realty. The measure of damages for discomfort, unhappiness, and annoyance is in the enlightened conscience of the jury.[4]

Here, the fact that the Wellers and their children may have had certain unrelated medical conditions that are exacerbated by smoke inhalation is irrelevant because "[t]he determining factor in an alleged nuisance is not its effect upon persons who are invalids, afflicted with disease, bodily ills, or abnormal physical conditions, or who are of nervous temperament, or peculiarly sensitive to annoyances or disturbances of the character complained of."[5] Instead, the issue is whether the smoke that emanated from the Blakes' outdoor fireplace would cause hurt or damage to an ordinary, reasonable person.[6]

The Supreme Court of Georgia reviewed a claim for nuisance based on smoke in *Holman v. Athens Empire Laundry Co.*,[7] in which the owner of a building containing offices, factories, and a café filed suit against a neighboring laundry company, alleging that the defendant's burning of soft coal created "a very black, dense smoke, which smoke is a nuisance. . . ."[8] The burning of the soft coal created "dense volumes of black smoke," which were blown directly into Holman's building, creating "inconvenience and discomfort" and depositing soot into the building, permanently damaging furniture and other contents.[9] Holman sought to enjoin the defendant from burning soft coal, arguing that the defendant had a non-objectionable alternative fuel.[10] The Supreme Court held that whether the defendant's actions created a nuisance was a jury question, explaining that for smoke to constitute a nuisance,

it must be such as to produce a visible, tangible, and appreciable injury to property, or such as to render it specially

---

[4] (Citations and punctuation omitted.) *Hammond v. City of Warner Robins*, 224 Ga. App. 684, 689-690 (1) (482 SE2d 422) (1997) (physical precedent only). See also *Davis v. Overall*, 301 Ga. App. 4, 6 (1) (686 SE2d 839) (2009); *Woodmen of the World, Unit No. 3 v. Jordan*, 231 Ga. App. 517, 519 (2) (499 SE2d 900) (1998) ("In a nuisance action, recovery is authorized for damage to both person and property. Unlawful interference with the right of the owner to enjoy possession of his property may be an element of damages. The measure of damages for discomfort, disrupted peace of mind, unhappiness[,] and annoyance caused by a nuisance is for the enlightened conscience of the jury.") (citations and punctuation omitted).

[5] (Punctuation omitted.) *Warren Co. v. Dickson*, 185 Ga. 481, 483 (2) (195 SE 568) (1938).

[6] See id.

[7] 149 Ga. 345 (100 SE 207) (1919).

[8] (Punctuation omitted.) Id. at 346.

[9] Id. at 347.

[10] See id. at 347.

uncomfortable or inconvenient, or to material[l]y interfere with the ordinary comfort of human existence. With respect to dwelling houses, . . . [t]he rule is that the comfortable enjoyment of the premises must be sensibly diminished, either by actual, tangible injury to the property itself, or by the promotion of such physical discomfort as detracts sensibly from the ordinary enjoyment of life.[11]

Here, the Wellers do not allege actual, tangible injury to their property. Instead, they allege that the smoke substantially aggravates, annoys, and inconveniences them, and it impairs their use and enjoyment of their property. The record, when construed in favor of the Wellers as the nonmovants,[12] shows that the Blakes had a fire in their outdoor fireplace approximately thirty times in a three-year period, and that each time, the Wellers could smell the smoke in their home and suffered from itchy eyes, headaches, scratchy throats, and breathing problems.[13] On two or three occasions, the smoke was visible inside the Wellers' home. Several times, the Wellers either moved to a different part of their house or left their home altogether to avoid the smoke from the Blakes' fireplace. We conclude that this evidence was sufficient to create a jury question on the issue of whether the smoke from the Blakes' outdoor fireplace would reasonably interfere with an ordinary person's enjoyment of life.[14] Therefore, the trial court erred by granting the Blakes' motion for summary judgment.

---

[11] (Punctuation and emphasis omitted.) Id. at 351.

[12] See *Davis*, 301 Ga. App. at 5.

[13] Although the Wellers imply that the Blakes have violated multiple regulations and rules, citing to various documents indicating that the Blakes are required to comply with all applicable rules, regulations, and covenants while burning in their fireplace, they have failed to provide any affirmative evidence indicating that any regulatory body or agency has concluded that the Blakes' use of their fireplace does in fact violate a rule, regulation, or covenant.

[14] See *Warren Co.*, 185 Ga. at 485 (4) (demurrer properly denied as to plaintiffs' nuisance claim against owners of a neighboring baseball park because games produced cheers and other noise five nights a week, from 8:00 p.m. until midnight or afterwards, preventing the plaintiffs from sleeping); *Holman*, 149 Ga. at 351 (5); *Alexander v. Hulsey Environmental Svcs.*, 306 Ga. App. 459, 463 (4) (702 SE2d 435) (2010) (reversing the grant of summary judgment to the officer and employee of a corporation operating a waste disposal facility that creates offensive odors and attracts pests, damaging the plaintiffs' ability to use and enjoy their property); *Roberts v. Southern Wood Piedmont Co.*, 173 Ga. App. 757, 758-759 (1) (328 SE2d 391) (1985) (reversing a directed verdict as to plaintiffs' nuisance claims based on evidence that utility pole manufacturing facility created substantial noise and vibration in their homes); *Gatewood v. Hansford*, 75 Ga. App. 567, 569-570 (44 SE2d 126) (1947) (affirming the denial of a demurrer as to plaintiff's nuisance claim because the defendant's operation of its dry cleaning business resulted in smoke and soot being blown into the plaintiff's house, requiring the plaintiff to keep the windows and doors of his home tightly closed and causing damage to his home).

2. *Negligence.* The Wellers also contend that the trial court erred by granting the Blakes' motion for summary judgment as to their negligence claim.

> The elements of a negligence cause of action are: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against *unreasonable risks of harm*; (2) a breach of this standard; (3) a causal connection between the conduct and the injury; and (4) damages from the breach of duty. This legal duty may arise from the general duty one owes to all the world not to subject them to an unreasonable risk of harm. Negligence is conduct which falls below the standard established by law for the protection of others against this risk.[15]

Viewed in favor of the Wellers, we conclude that the evidence is sufficient to create a jury question as to negligence. Thus, the trial court erred by granting summary judgment on this claim.

3. The Wellers also argue that the trial court erred by granting summary judgment on their claims for punitive damages and attorney fees and expenses of litigation. We agree.

(a) *Punitive damages.* OCGA § 51-12-5.1 (b) provides:

> Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

A continuing nuisance will authorize a punitive damage award.[16] "Actions arising to a conscious indifference to consequences may authorize a finding of punitive damages."[17]

> Whether the tort was sufficiently aggravating to authorize punitive damages is generally a jury question, and a jury may award punitive damages even where the clear and

---

[15] (Punctuation omitted; emphasis supplied.) *Lowry v. Cochran*, 305 Ga. App. 240, 246 (2) (c) (699 SE2d 325) (2010).

[16] See *Tyler v. Lincoln*, 272 Ga. 118, 120 (1) (527 SE2d 180) (2000).

[17] *Baumann v. Snider*, 243 Ga. App. 526, 530 (3) (532 SE2d 468) (2000).

convincing evidence only creates an inference of the defendant[s'] conscious indifference to the consequences of [their] acts.[18]

"[P]unitive damages may be awarded even when actual damages are small."[19] And, "even where the defendant did not act with conscious indifference in creating the problem that led to the damage, punitive damages may be justified if the defendant acted with such conscious indifference in failing to correct that problem."[20]

Here, although there is evidence that the Blakes took steps to reduce the adverse impact of the smoke emanating from their fireplace, the record shows that they continued to use the fireplace after the Wellers notified them that it caused smoke to enter their home, resulting in physical discomfort to the Wellers and interfering with their use and enjoyment of their home to the extent that they were required to move to another room or to leave the house entirely. Under these circumstances, we conclude that there is some evidence of acts by the Blakes "which could allow a jury to consider a claim for punitive damages."[21]

(b) *Attorney fees.* The Wellers sought attorney fees under OCGA § 13-6-11, which provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

"Whether there was bad faith is generally for the jury to determine from its consideration of the facts and circumstances in the case. . . . Bad faith warranting an award of attorney fees must have

---

[18] *Tookes v. Murray*, 297 Ga. App. 765, 768 (2) (678 SE2d 209) (2009).

[19] *Tyler*, 272 Ga. at 121 (1).

[20] *Wildcat Cliffs Builders, LLC v. Hagwood*, 292 Ga. App. 244, 247 (1) (663 SE2d 818) (2008).

[21] *Tyler*, 272 Ga. at 121 (1) (a conscious indifference to consequences may exist where the defendant creates a nuisance that causes discharge onto the plaintiff's property and fails to ameliorate or remedy the problem). See *Wildcat Cliffs Builders*, 292 Ga. App. at 247 (1) (same); *Baumann*, 243 Ga. App. at 530-531 (3) (same). Compare *Gen. Refractories Co. v. Rogers*, 240 Ga. 228, 230-234 (239 SE2d 795) (1977) (holding that punitive damages were not authorized because the defendant complied with state authority and made efforts to reduce the quantity of water diverted onto the plaintiff's property).

arisen out of how the defendant[s] acted in dealing with the plaintiff[s]."[22] The Supreme Court of Georgia and this Court have determined that some evidence of bad faith existed in nuisance cases in which the defendant was aware of the plaintiff's complaints and yet failed to alleviate or remedy the nuisance.[23]

In the instant case, as stated in Division 3 (a), supra, there was evidence to suggest that although the Blakes took steps to limit the quantity of smoke emanating from their fireplace, they knew that the smoke was still infiltrating the Wellers' home and, nevertheless, proceeded to burn wood in their outdoor fireplace. At this stage of the proceeding, "[w]e find this evidence . . . sufficient to submit the issue of attorney fees to the jury."[24] Accordingly, the trial court erred by granting summary judgment on attorney fees.

4. Our holdings in Divisions 1-3 render the Wellers' remaining enumeration moot.

*Judgment reversed. Ellington, C. J., and Miller, J., concur.*

DECIDED MARCH 27, 2012.

*Robert B. Jackson IV, Lisa B. Perlstein*, for appellants.
*Fain, Major & Brennan, James F. Taylor III*, for appellees.

---

[22] *City of Atlanta v. Landmark Environmental Indus.*, 272 Ga. App. 732, 745 (11) (613 SE2d 131) (2005).

[23] See *Tyler*, 272 Ga. at 122 (2); *Landmark Environmental Indus.*, 272 Ga. App. at 744-745 (11); *Nichols v. Main Street Homes*, 244 Ga. App. 591, 593 (2) (a) (536 SE2d 278) (2000); *Baumann*, 243 Ga. App. at 529-530 (2); *CSX Transp. v. West*, 240 Ga. App. 209, 211-212 (3) (a) (523 SE2d 63) (1999), overruled on other grounds, *Monterrey Mexican Restaurant of Wise v. Leon*, 282 Ga. App. 439, 452 (6) (d) (638 SE2d 879) (2006).

[24] *Nichols*, 244 Ga. App. at 594 (2) (a).