A11A1570. HAARHOFF et al. v. JEFFERSON AT PERIMETER, L.P.
(727 SE2d 140)

DOYLE, Presiding Judge.

This case arises from a nuisance claim related to storm water runoff filed by property owners Uwe E. Haarhoff and William Heath, Jr. (collectively "the Appellants") against Jefferson at Perimeter, L.P. ("Jefferson"),[1] which owns an adjacent apartment complex. The trial court granted Jefferson's motion for summary judgment against Heath and motion for partial summary judgment against Haarhoff. The Appellants contend that the trial court erred by granting Jefferson's motions because (1) Heath was not required to give ante litem notice to Jefferson; and (2) the issue of attorney fees is for the jury. For the reasons that follow, we affirm the trial court's grant of summary judgment as to Heath's claims and reverse the trial court's grant of partial summary judgment as to Haarhoff's claim for attorney fees.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judg-

---

[1] The Appellants also filed claims against DeKalb County, which claims are not at issue in this appeal.

ment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

So viewed, the evidence shows that in March 2007, Jefferson acquired the 20.14 acre property at issue, upon which was an apartment complex and drainage system for the property, including three detention ponds. The property was upstream of the homes of the Appellants, who claim in their complaint that Jefferson's failure to maintain the three detention ponds causes regular sanitary sewer backups and storm water flooding of their property. The Appellants provided the expert testimony of Elvin Aycock, P.E., who concluded that Jefferson's failure to clear trash and debris from the detention ponds on the property increased the amounts of storm water runoff from the apartment complex onto Haarhoff's and Heath's properties. Jefferson's representatives deposed that they did not perform inspections or maintenance of the detention ponds. In addition to Aycock's testimony, Jefferson's own expert deposed that the type of detention ponds on the property normally require maintenance, including the removal of trash and other debris.

Jefferson filed a motion for summary judgment as to Heath's claims and a motion for partial summary judgment as to Haarhoff's claim for attorney fees, which motions the trial court granted after a hearing on the matters. This appeal followed.

1. Heath argues that the trial court erred by granting summary judgment to Jefferson because he was required to give ante litem notice to Jefferson prior to filing the lawsuit. We disagree.

Pursuant to OCGA § 41-1-5 (b), "[p]rior to commencement of an action by the alienee of the property injured against the alienee of the property causing the nuisance, there must be a request to abate the nuisance." Thus, Heath was required to provide Jefferson with notice of the nuisance or a request to abate prior to filing suit unless Jefferson did "anything to increase the nuisance."[3]

Heath argues that OCGA § 41-1-5 (b) does not require such notice pre-suit in this case because Jefferson knowingly increased the existing nuisance by failing to inspect or maintain the drainage ponds

---

[2] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[3] *Savannah Elec. & Power Co. v. Horton*, 44 Ga. App. 578, 579 (3) (162 SE 299) (1932) (undisputed evidence showed that defendant added numerous wires where previously two had been; thus, defendant "continued and increased the trespass, and therefore was not entitled to notice or a request to desist as a condition precedent to liability").

on the property, which contributed to the excessive amount of runoff from the Jefferson property onto Heath's property. "[T]he statutory notice requirement applies only to an alienee 'who merely acquires property on which there is an existing nuisance, passively permits its continuance, and adds nothing thereto.' "[4] The undisputed evidence presented to the trial court established that Jefferson acquired the property after the detention ponds had been built and after storm water runoff from the Jefferson property had already become problematic on Heath's property. Heath presented no evidence that Jefferson "altered the property" or took any other affirmative action to increase the nuisance, and therefore, the trial court correctly determined that Heath's failure to provide ante litem notice to Jefferson prohibited him from pursuing his nuisance claims.[5]

2. Haarhoff argues that the trial court erred by granting partial summary judgment to Jefferson as to his claim for attorney fees pursuant to OCGA § 13-6-11 because a question of fact exists for the jury. We agree and reverse.

OCGA § 13-6-11 provides that

> [t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

> It is only necessary to the plaintiff's recovery that he show any one of these three conditions exists. Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. It may be found in how defendant acted in his dealing with the plaintiff. The question of bad faith in the underlying transaction is for the trier of fact to determine.[6]

Although slight, some evidence exists in the record from which the jury could find that after Haarhoff notified Jefferson in February 2009 of the possible nuisance prior to filing the lawsuit in August

---

[4] (Citation omitted.) *Macko v. City of Lawrenceville*, 231 Ga. App. 671, 676 (8) (499 SE2d 707) (1998), overruled on other grounds by *Kleber v. City of Atlanta*, 291 Ga. App. 146, 152 (1) (c) (661 SE2d 195) (2008), reversed on other grounds by *City of Atlanta v. Kleber*, 285 Ga. 413 (677 SE2d 134) (2009).

[5] See *Macko*, 231 Ga. App. at 676 (8), 677 (9). See also *Hoffman v. Atlanta Gas Light Co.*, 206 Ga. App. 727, 731-732 (2) (426 SE2d 387) (1992).

[6] (Punctuation and footnotes omitted.) *City of Atlanta v. Hofrichter/Stiakakis*, 291 Ga. App. 883, 888 (2) (663 SE2d 379) (2008). See also *Tyler v. Lincoln*, 272 Ga. 118, 121 (2) (527 SE2d 180) (2000).

2009, Jefferson failed to take any action to remedy the alleged increase flow of storm water runoff from the detention ponds.[7] Therefore, the trial court erred by granting summary judgment on the issue of attorney fees.

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Miller, J., concur.*

DECIDED MARCH 29, 2012.

*Martin & Jones, Samuel L. Starks,* for appellants.

*Wilson, Morton & Downs, Chadwick H. Greer, Kendric E. Smith,* for appellee.

---

[7] See *Hofrichter/Stiakakis,* 291 Ga. App. at 887-888 (2); *Stargate Software Intl. v. Rumph,* 224 Ga. App. 873, 878 (4) (482 SE2d 498) (1997) (attorney fees available "[d]espite the existence of a bona fide controversy as to liability.").