**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 18, 2017**

# In the Court of Appeals of Georgia

A17A0648. MCDONALD v. SILVER HILL HOMES, LLC.

McFADDEN, Presiding Judge.

Edison McDonald filed a complaint against Silver Hill Homes, LLC, based on a boundary line dispute between the parties' adjacent pieces of property in DeKalb County. The complaint included claims for trespass, nuisance, punitive damages, and attorney fees. Silver Hill moved for summary judgment on all of McDonald's claims. The trial court granted the motion in part and denied it in part. In pertinent part, the trial court denied summary judgment as to both the trespass and nuisance claims, but granted summary judgment as to the punitive damages and attorney fees claims. McDonald appeals, challenging the grant of summary judgment on his punitive damages and attorney fees claims. Because there exist genuine issues of material fact as to those claims, we reverse.

1. *Punitive damages.*

OCGA § 51-12-5.1 (b) provides that "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." As our Supreme Court has explained in considering punitive damages in a similar case involving claims of trespass and nuisance:

> A conscious indifference to consequences relates to an intentional disregard of the rights of another. Wilful and intentional misconduct is not essential. But a trespass is an intentional act. Thus, a wilful repetition of a trespass will authorize a claim for punitive damages. So too, will a claim of continuing nuisance. And specifically, the failure to adequately ameliorate the runoff of water and silt onto another's property has been held to justify a punitive damage award.

*Tyler v. Lincoln*, 272 Ga. 118, 120 (1) (527 SE2d 180) (2000) (citations, punctuation, and emphasis omitted). Thus, the Supreme Court reversed the grant of summary judgment on a claim for punitive damages where there were circumstances raising material issues of fact about the plaintiffs' claims of trespass and nuisance. Id at 120-121 (1).

2

Likewise, in the instant case, the trial court erred in granting summary judgment to Silver Hill on McDonald's claim of punitive damages where there were genuine issues of material facts as to his claims of trespass and nuisance. See OCGA § 9-11-56 (c) (summary judgment appropriate where evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"). As the trial court correctly noted in its order, McDonald's trespass claim alleged that Silver Hill had "failed to contain construction materials and debris on [its property], resulting in the discharge of soil, nails, and other construction debris" onto McDonald's property. Similarly, his nuisance claim alleged that Silver Hill's excavation of a ravine and discharge of "construction materials, debris, storm-water and runoff onto" his property had interfered with and continues to interfere with his use and enjoyment of his property.

In denying summary judgment as to those claims, the trial court properly found that a jury question remained as to the boundary line and pointed to evidence showing that there was water runoff onto McDonald's property and that construction materials and debris had repeatedly been discharged onto his property causing damages. "Whether the tort was sufficiently aggravating to authorize punitive damages is generally a jury question, and a jury may award punitive damages even where the

3

clear and convincing evidence only creates an inference of the defendant('s) conscious indifference to the consequences of (its) acts." *Weller v. Blake*, 315 Ga. App. 214, 219-220 (3) (a) (726 SE2d 698) (2012) (citation omitted). Consequently, just as "there are material questions of fact regarding [McDonald's] allegations of [repeated] trespass and [continuing] nuisance, [the] evidence of [such] acts by [Silver Hill] could allow a jury to consider a claim for punitive damages." *Tyler*, supra at 121 (1). Accord *Camp Cherokee v. Marina Lane, LLC*, 316 Ga. App. 366, 373-374 (4) (b) (729 SE2d 510) (2012) (reversing grant of summary judgment on punitive damages claim where evidence presented genuine issues of material fact as to plaintiff's trespass and nuisance claims); *Weller*, supra.

2. *Attorney fees.*

A jury may award litigation expenses to a plaintiff "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." OCGA § 13-6-11. "As noted by our Supreme Court [in *Tyler*, supra], every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees. And generally, questions of bad faith must be resolved by the jury." *Schinazi v. Eden*, 338 Ga. App. 793, 801 (4) (a) (792 SE2d 94) (2016) (citations and punctuation

4

omitted). Accordingly, "[i]nasmuch as the [trial court] determined that the question of [Silver Hill's] commission of an intentional tort remained for the jury to consider, the claim for attorney fees rooted in bad faith concerning those actions should have also been left for the jury." *Tyler*, supra at 122 (2) (citation and punctuation omitted). Accord *Schinazi*, supra; *Haarhoff v. Jefferson at Perimeter*, 315 Ga. App. 271, 273-274 (2) (727 SE2d 140) (2012).

*Judgment reversed. Bethel, J., concurs. Branch, J., concurs in the judgment only.*